NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30007 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-02037-SMJ-1 |
| v. | |
| LORENZO ELIAS MENDEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted December 6, 2021
Seattle, Washington

Before: McKEOWN, CHRISTEN, and MILLER, Circuit Judges.

Lorenzo Mendez appeals his jury conviction and sentence for attempting to "use[]" a minor "to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct," in violation of 18 U.S.C. § 2251(a), (e). We have jurisdiction under 28 U.S.C. § 1291. We affirm. Mendez's challenge to the sufficiency of the evidence under § 2251(a), (e) is addressed in an opinion

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

filed concurrently with this memorandum disposition. Because the parties are familiar with the facts of this case, we need not recite them here.

The district court did not err by failing to sua sponte excuse Juror No. 8, who worked as a pediatric nurse. Mendez's counsel did not challenge the juror for cause, so we review the juror bias claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 62 F.3d 1180, 1187–88, 1192 (9th Cir. 1995). Mendez has not shown that "the evidence of partiality before the district court was so indicative of impermissible juror bias that the court was obliged to strike [the juror], even though neither counsel made the request." *United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009). Although the juror initially expressed some discomfort with the facts of the case, she ultimately "commit[ted] to lay aside those feelings and reach a verdict based on the evidence presented and the court's instructions." *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1220 (9th Cir. 1997). The court had no obligation to strike the juror sua sponte.

The change in language between the indictment and jury instructions did not amount to an unconstitutional "constructive amendment." Mendez did not raise his constructive amendment claim in the district court, so we review for plain error. *United States v. Ward*, 747 F.3d 1184, 1188 (9th Cir. 2014). Because Mendez was indicted for an attempt crime, the government did not need to show that the videos were "mailed or actually transported," so the variation in jury instructions omitting

2

that requirement "does not alter the behavior for which the defendant can be convicted." *United States v. Garcia-Paz*, 282 F.3d 1212, 1216 (9th Cir. 2002).

The district court did not err by applying a five-level sentencing enhancement, finding that "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b). We review de novo the district court's interpretation of the sentencing guidelines, and the underlying factual findings are reviewed for clear error. *United States v. Riley*, 335 F.3d 919, 925 (9th Cir. 2003). Mendez used wireless Wi-Fi cameras with as little as 45 minutes of battery life, which required him to change the cameras and their batteries often. And agents discovered "several different cameras" that looked like they had been positioned in the eye of the stuffed animal. The repeated acts of replacing the cameras and their batteries to capture new footage suffices to show the "pattern of activity involving prohibited sexual conduct" required for a sentencing enhancement under U.S.S.G. § 4B1.5.

Nor did the district court err in applying a two-level enhancement under U.S.S.G. § 2G2.1(b)(5), which applies "[i]f the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant . . . ." Even if Mendez was no longer in a relationship with the victim's mother, the victim lived in Mendez's home in a family-like structure with her mother, siblings, and Mendez's children.

3

Mendez was a father-like figure who exercised the functions and responsibilities of a parent or guardian.

The district court did not commit procedural error in imposing a sentence of 240 months, and the sentence was not substantively unreasonable. The record reflects that the court considered Mendez's argument that the court should exercise its discretion to depart from the sentencing guidelines, consistent with *Kimbrough v. United States*, 552 U.S. 85 (2007). The district court expressly considered each of the factors under 18 U.S.C. § 3553(a) and imposed a below-Guidelines sentence. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011). Reviewing the record, we are not left with "a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing the relevant factors." *United States v. Edwards*, 595 F.3d 1004, 1015 (9th Cir. 2010).

**AFFIRMED.**